**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY PAYNE,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ALLSTATE INSURANCE** | : | |
| **COMPANY, et al.,** | : | **No. 11-2546** |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**Schiller, J.**                                                     **November 22, 2016**

Anthony Payne took out an insurance policy on his home with Allstate Insurance Company and Allstate Indemnity Company (together "Allstate"). Payne's home later caught fire and Allstate refused to compensate Payne for the damage. Payne sued Allstate for breach of the insurance agreement. Allstate countersued for breach of contract, breach of common law duty of good faith, and violation of the Pennsylvania Insurance Fraud Statute under 18 Pa. Cons. Stat. § 4117 (2015) claiming that Payne made material misrepresentations on his insurance application. Allstate has moved for summary judgment on its counterclaims and dismissal of Payne's breach of contract claim. Because there is uncontroverted evidence in the record that Payne materially misrepresented facts on the application, the Court will grant Allstate's motion.

**I.      BACKGROUND**

**A.      The Property**

Payne purchased 1730 Arlington Street, Philadelphia, PA 19121 ("the Property") on January 10, 1989, from the Philadelphia Housing Development Corporation. (Defs.' Answer and Affirmative Defenses and Countercls. Ex. F ("Defs.' Answer").) Payne claims he intermittently

lived in the Property over 20 years, most recently moving into the Property in either October or December of 2009. (Pl.'s Dep. 34:13-21, Aug. 23, 2016 ("Pl.'s Second Dep."); Defs.' Answer Ex. I, at 2.)

The Property did not have working electricity or gas. (Pl.'s Dep. 17:12-17, 19:13-21, Apr. 27, 2010 ("Pl.'s First Dep.").) Additionally, there is no evidence of water usage at the Property since December 15, 2010. (Defs.' Mot. Summ. J. Ex. N.) Payne stated on several occasions that he used kerosene heaters for warmth, beginning at least in 2005 and continuing through February of 2010. (Pl.'s First Dep. 18, 29; Pl.'s Second Dep. 102-05; Defs.' Answer Ex. I, at 4; Pl.'s V.S. 4.)

### B.      The Contract

On December 31, 2009, Payne entered into a homeowner's insurance agreement with Allstate to insure the Property. (Defs.' Answer Ex. B.) In response to the question "[d]oes the insured have an alternative or supplemental heating source (excluding fireplaces)," Payne answered "NO" and initialed just above. (Defs.' Mot. Summ. J. Ex. P, at 4.) The agreement also provided that "[i]n the event of any misrepresentation or concealment made by [Payne] or with [Payne's] knowledge in connection with this application, the Company may deem this binder and any policy issued pursuant to this application, void from its inception." (*Id.* at 5.) Payne signed the agreement, affirming that he had "read [the] entire application, including the binder provisions, before signing." (*Id.*) The signed agreement incorporated the "Allstate Property and Casualty Insurance Company Homeowners Policy" ("the Policy") for the conditions of insurance. (Defs.' Answer Ex. A.) The Policy covered fire damage. (*Id.* at 9.) The Policy also stated that "[w]e (Allstate) do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance." (*Id.* at 5.)

**C.**     **The Fire and Aftermath**

On February 9, 2010, the Property caught fire. (Defs.' Answer Ex. D.) Payne subsequently filed a compensation claim, and submitted to an examination under oath. (Pl.'s Compl. Ex. A; Defs.' Answer Ex. I.) Payne admitted in the examination to using kerosene heaters to heat his house. (Defs.' Answer Ex. I, at 4.) Payne also stated that the fire may have been started by the kerosene heaters. (Pl.'s V.S. 6.) Additionally, Payne said he has dyslexia but still obtained a high school education. (*Id.* at 1.)

Subsequent to Allstate's investigation, Allstate denied Payne's claim. (Pl.'s Compl. Ex. A.)

In the course of this litigation, Payne and Allstate stipulated to specific damages. (Defs.' Mot. Summ. J. Ex. D.) If Payne prevails on his claim, he is entitled to $150,000. (*Id.*) If Allstate prevails on any of its counterclaims, Allstate is entitled to $25,000 in damages. (*Id.*)

**II.**     **STANDARD OF REVIEW**

Summary judgment is appropriate when the record discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In reviewing the record, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). The moving party bears the burden of showing that the record reveals no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 247.

3

Once the moving party has met its burden, the nonmoving party must go beyond the pleadings to set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). A court may not consider the credibility or weight of the evidence in deciding a motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002). Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements. *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). If the nonmoving party's evidence "is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

## III.   DISCUSSION

### A.   Allstate's Breach of Contract Counterclaim

Insurance policies are viewed as ordinary contracts and are "subject to the laws that traditionally govern[] contractual relationships." *Metro. Prop. & Liab. Ins. Co. v. Ins. Comm'r of Commonwealth*, 580 A.2d 300, 302 (Pa. 1990). Like ordinary contracts, insurance policies are "voidable by an insurer upon a finding that an insured had fraudulently misrepresented material information." *Id.*; *see also New York Life Ins. Co. v. Brandwene*, 172 A. 669, 670 (Pa. 1934) ("[W]here the execution of a contract of insurance has been induced by fraudulent misrepresentations of the insured, the insurer may secure its cancellation.").

For an insurer to void an insurance contract under Pennsylvania law, the insurer must demonstrate: "(1) a representation that the insured made was false; (2) the insured knew it to be false; and (3) the representation was material to the risk being insured." *Saracco v. Vigilant Ins.*

4

*Co.*, Civ. A. No. 99-3502, 2000 U.S. Dist. LEXIS 1685, at *7 (E.D. Pa. Feb. 22, 2000), *aff'd*, 250 F.3d 736 (3d Cir. 2001).

In order for a misrepresentation to be material to the insured risk, it must affect the insurance company's decision-making process in issuing a policy to the insured. *See A.G. Allebach, Inc., v. Hurley*, 540 A.2d 289, 295 (Pa. Super. Ct. 1988) (citing *Baldwin v. Prudential Ins. Co.*, 258 A.2d 660, 662 (Pa. Super. Ct. 1969) ("Information is said to be material if knowledge or ignorance of it would naturally influence the judgment of the insurer in issuing the policy, in estimating the degree and character of the risk, or in fixing the premium rate.")). "[W]here the [representation] is false and the matter involved is manifestly material to the risk, the question is one of law which may be decided by the court." *Baldwin*, 258 A.2d at 662.

Allstate was entitled to void the insurance contract with Payne because of a misrepresentation Payne made in securing the policy.

First, it is undisputed that Payne stated in his insurance application that there were no additional sources of heat for the Property. *See Saracco*, 2000 U.S. Dist. LEXIS at *7. In fact, Payne used kerosene heaters to heat the Property because he did not have the gas turned on to his home. Therefore, Payne made a false representation.

Second, Payne repeatedly testified and wrote in his Verification that he used kerosene heaters. This evidence is not in dispute. Instead, Payne argues for the first time in briefing on this motion that Payne is borderline illiterate. (Pl.'s Resp. Defs.' Mot. Summ. J. ¶ 87.) To support his position, Payne points to the fact that Allstate's counsel had to read exhibits to Payne during the second deposition and that Payne says he has dyslexia. (Pl.'s Second Dep.; Pl.'s V.S. 1.) In addition, Payne claims he did not read the agreement before signing it. (Pl.'s Second Dep. 104-106)

5

The Court is not persuaded by this eleventh hour argument. First, Payne received a high school education and had no trouble reading exhibits in his first deposition. (Pl.'s First Dep 112-13; Pl.'s V.S. 1.) Second, even if Payne did not read the application, as he claims, Payne acknowledged that he signed it and is therefore bound by its provisions. (Pl.'s Second Dep. 104-06.) *Germantown Sav. Bank v. Talacki*, 657 A.2d 1285, 1289 (Pa. Super. Ct. 1995) (citations omitted) ("[I]n the absence of fraud, the failure to read a contract before signing it is an unavailing excuse or defense.").

Third, Payne's misrepresentation was material. *A.G. Allebach, Inc.*, 540 A.2d at 295. Whether a house contains additional sources of heat pertains to the very risk at issue in this case: fire. Payne himself admitted that the kerosene heaters may have caused the fire. At a minimum, the added fire risk of heaters would be pertinent to Allstate in determining the premium. *See Baldwin*, 258 A.2d at 662. Therefore, Payne's answer about additional sources of heat on the insurance application was material. Because Allstate has made out all elements necessary to void the contract, the Court will grant summary judgment for Allstate on its breach of contract claim. [1]

## B.      Allstate's Breach of Common Law Duty of Good Faith Counterclaim

"[T]he Commonwealth has accepted the principle . . . that every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *John B. Conomos, Inc. v. Sun Co.*, 831 A.2d 696, 705-06 (Pa. Super. Ct. 2003). While Pennsylvania

---

[1] Allstate is also entitled to void the contract under the misrepresentation or concealment clause of the insurance application. (Defs.' Mot. Summ. J. Ex. P at 5) "Where any such fraud is shown, the forfeiture provisions of an insurance policy are to be strictly enforced." *Millard v. Shelby Cas. Ins. Co.*, Civ. A. No. 02-1902, 2005 U.S. Dist. LEXIS 45502, at *11 (M.D. Pa. Aug. 24, 2005). Because the analysis of an insurer's ability to void an insurance contract based on misrepresentations is the same under the clause and the common law, the Court omits duplicative discussion.

courts have not spoken directly on the issue, the Eastern District of Pennsylvania has determined that "Pennsylvania would apply the duty to act in good faith to each party to an insurance contract, including the insured." *Greater N.Y. Mut. Ins. Co. v. N. River Ins. Co.*, 872 F. Supp. 1403, 1408 (E.D. Pa. 1995), *aff'd*, 85 F.3d 1088 (3d Cir. 1996). Good faith means "honesty in fact in the conduct or transaction concerned." *Creeger Brick & Bldg. Supply, Inc. v. Mid-State Bank & Trust Co.*, 560 A.2d 151, 153 (Pa. Super. Ct. 1989) (quoting 13 Pa. Cons. Stat. § 1201(b)(20) (2015); Restatement (Second) of Contracts § 705, cmt. A (Am. Law Inst. 1981)).

As stated above, Payne was not honest on his insurance application when he affirmed there were no additional sources of heat at his house. This misrepresentation of a clear fact occurred at the formation of the contract at issue. Therefore, Payne breached his duty of good faith and the Court will grant summary judgment for Allstate.

### C.     Allstate's Pennsylvania Insurance Fraud Statute Counterclaim

The Pennsylvania Insurance Fraud Statute provides that "[a] person may not knowingly and with intent to defraud any insurance company . . . file an application for insurance containing any false information or conceal for the purpose of misleading information concerning any fact material thereto." 18 Pa. Cons. Stat. § 4117(b)(4) (2015). If representations were in fact false and the insured knew of their falsity when the statements were made, the statements are presumptively fraudulent. *Shafer v. John Hancock Mut. Life Ins. Co.*, 189 A.2d 234, 236 (Pa. 1963) (citing *Kizirian v. United Benefit Life Ins. Co.*, 119 A.2d 47, 50 (Pa. 1956)). "If such falsity and the requisite bad faith affirmatively appear from . . . the uncontradicted testimony of plaintiff's own witnesses, a verdict may be directed for the insurer." *Id.* (citing *Kizirian*, 383 Pa. at 520). Finally, "[a]n insurer damaged as a result of a violation of this section may sue therefor

in any court of competent jurisdiction to recover compensatory damages." 18 Pa. Cons. Stat. § 4117(g) (2015).

Payne made misrepresentations that he knew were false on the insurance application. Payne's own deposition testimony that he had kerosene heaters to warm his house remains uncontroverted. Therefore, those statements are presumptively fraudulent and the Court will grant summary judgment to Allstate.

### D.      Payne's Breach of Contract Claim

To establish breach of contract under Pennsylvania law, the Plaintiff must show: "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resulting damages." *Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. Ct. 2002). An insurer does not breach the insurance contract when the contract was properly voided. *Wezorek v. Allstate Ins. Co.*, Civ. A. No. 06-1031, 2007 U.S. Dist. LEXIS 57321, at *32-33 (E.D. Pa. August 7, 2007).

Allstate successfully voided the Policy with Payne as discussed above. Therefore, Payne is unable to recover on his breach of contract claim, and the Court will dismiss the claim with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted. Pursuant to the parties' Stipulation, Allstate is entitled to $25,000 in damages. An order consistent with this Memorandum will be docketed separately.

8